# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY REGIONAL MEDICAL CENTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CARPENTERS UNION, LOCAL 701;<br>AND DOES 1-100, inclusive,<br><br>                    Defendants. | 1:08-cv-01347 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND<br>(Document 6) |

Plaintiff Fresno Community Hospital and Medical Center (named in the caption as Community Regional Medical Center) ("Plaintiff") filed the instant motion to remand on September 23, 2008.  Defendant Carpenters Union, Local 701, opposes Plaintiff's motion, alleging removal is appropriate as the complaint states claims cognizable under federal law.  The Court considered the matter suitable for decision without oral argument and vacated the hearing. Local Rule 78-230(h).  For the reasons that follow, it is recommended that the Motion to Remand be GRANTED.  However, it is recommended that the request for fees and costs be DENIED.

## **BACKGROUND**

Plaintiff filed its action in Fresno County Superior Court on August 26, 2008, alleging trespass and seeking temporary, preliminary and permanent injunctive relief and declaratory relief against Defendant Carpenters Union, Local 701 and Doe Defendants.  Complaint, Exhibit A to Doc. 1-Notice of Removal.

1   On August 26, 2008, the Fresno County Superior Court granted Plaintiff's ex parte

2   application for a temporary restraining order against Defendant Carpenters Union, Local 701, and

3   issued an order to show cause why a preliminary injunction should not issue. *Id*. A hearing was

4   set for September 11, 2008.

5   Defendant was served with the complaint and related papers on August 27, 2008.

6   On August 29, 2008, Defendant filed a Notice of Hearing on Application to Dissolve

7   Temporary Restraining Order. On September 2, 2008, Plaintiff filed an opposition to dissolving

8   the temporary restraining order. A hearing was held on September 3, 2008, in state court. The

9   state court judge denied Defendant's application to dissolve the temporary restraining order and

10  denied Defendant's request to vacate the order to show cause hearing set for September 11, 2008.

11  On September 5, 2008, Defendant filed an answer to the complaint in state court.

12  On September 10, 2008, Defendant attempted to remove the matter to federal court,

13  labeling the document as a civil cover sheet. (Doc. 1). The Clerk's office directed Defendant to

14  re-file the documents using the correct event. On September 11, 2008, Defendant re-filed the

15  notice of removal in this court.

16  Pursuant to the Notice of Removal, Defendant asserts that the Complaint seeks relief that

17  implicates the federal Constitution regarding the Union's leafleting, bannering and alleged

18  picketing. Defendant also contends that the complaint alleges facts which, if true, would

19  constitute a violation of the Labor Management Relations Act (29 U.S.C. § 187) and the National

20  Labor Relations Act (29 U.S.C. § 158(b)). Notice of Removal, at ¶ 8. Defendant argues that this

21  court has original subject matter jurisdiction because the action purports to assert three claims

22  based on federal law. Notice of Removal, at ¶ 9. First, Defendant contends that Plaintiff's claim

23  for declaratory relief that Defendant's actions in picketing, leafleting and bannering are not

24  protected under the U.S. Constitution is a federal question that is removable. Second, Defendant

25  asserts that actions that would be violative of the LMRA are removable. And, third, Defendant

26  avers that actions violative of section 301 of the LMRA pre-empt state law claims. Notice of

27  Removal, at ¶ 11.

28

1      Plaintiff filed the instant motion to remand on September 23, 2008.  (Doc. 6).  Plaintiff

2 also filed an ex parte application to shorten time for hearing the motion to remand.  The court

3 granted the ex parte application and set the hearing on the instant motion for October 10, 2003.

4 Defendant filed an opposition to the motion to remand.

5      Finding the matter appropriate for determination without oral argument, the Court

6 vacated the October 10, 2008 hearing.

7 **FACTS**

8      According to the complaint, beginning on August 13, 2008, Defendant and individuals

9 acting at its direction entered the premises of Community Regional Medical Center and

10 committed disturbances, including picketing, handing out leaflets and videotaping patients and

11 visitors entering the premises.  Defendant's entry into Plaintiff's property was unauthorized and

12 without consent.  Defendant allegedly failed to give notice of its intent to picket/leaflet in

13 accordance with Section 8(g) of the National Labor Relations Act.  Defendant and individuals on

14 its behalf also were alleged to have unreasonably blocked ingress to and egress from Plaintiff's

15 property, to have disrupted essential medical services and to have interfered with critical care.

16      In the complaint, Plaintiff seeks a judicial declaration that, among other things, Defendant

17 has no legal right under the U.S. Constitution to enter Plaintiff's property to solicit or distribute

18 literature; Defendant has no legal right under the NLRA to enter the property to solicit or

19 distribute literature; and Defendant has no legal right under the state Constitution to enter the

20 property to solicit or distribute literature.

21 **STANDARD**

22      A defendant may remove a civil action from state court to federal district court if the

23 district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  As a general matter,

24 a district court has original jurisdiction in two instances: (1) where there is complete diversity of

25 citizenship between the parties, or (2) where a federal question is presented in an action arising

26 under the Constitution, laws or treaties of the United States.  28 U.S.C. § 1331 and 1332.  As

27 diversity is not alleged, the Court turns its focus to federal question jurisdiction.

28

3

1   The party invoking the removal statute bears the burden of establishing federal

2   jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The

3   presence of a federal question is governed by the "well-pleaded complaint rule," which provides

4   that federal jurisdiction exists only when a federal question is presented on the face of the

5   plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a

6   complaint alleges only state-law claims and lacks a federal question on its face, then the district

7   court must grant remand. *See* 28 U.S.C. § 1447(c); *Caterpillar*, 482 U.S. at 392. However, a

8   state-law cause of action may be deemed to arise under federal law and the district court need not

9   remand "...(1) where federal law completely preempts state law, (2) where the claim is

10  necessarily federal in character, or (3) where the right to relief depends on the resolution of a

11  substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health &*

12  *Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

13  If the court determines removal improper, then it may award the plaintiff costs and

14  attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court

15  has broad discretion to award such costs and fees whenever it finds that removal was wrong as a

16  matter of law. *Balcorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir.

17  2000).

18  **DISCUSSION**

19  Defendant removed the matter pursuant to 28 U.S.C. §§ 1441, 1331 and 1332. Defendant

20  forwards two arguments supporting federal question jurisdiction. First, Defendant argues that the

21  complaint alleges conduct constituting a "secondary boycott," which is governed by 29 U.S.C.

22  section 187 ("303") of the federal Labor Management Relations Act ("LMRA") and section

23  158(b)(4) ("8(b)(4)") of the National Labor Relations Act ("NLRA"). Defendant asserts that the

24  court has concurrent jurisdiction over such claims regarding secondary conduct. Second,

25  Defendant contends that the complaint involves federal claims as it seeks affirmative declaratory

26  relief regarding the rights of the parties under the United States Constitution.

27

28

1    I.     Well-Pleaded Complaint Rule

2         Defendant contends that Plaintiff seeks damages for secondary boycott under section 303

3    of the LMRA.  Opposition to Motion to Remand, at p. 4.  Section 303 of the LMRA provides a

4    private right of action for any violation of section 8(b)(4), which prohibits illegal secondary labor

5    activity.  29 U.S.C. §§ 187, 158(b)(4).  Plaintiff counters that it is entitled to rely on the well-

6    pleaded complaint rule, and its complaint seeks relief only under state trespass law and not under

7    section 303 of LMRA.

8         As noted above, the well-pleaded complaint rule provides that if a federal question is not

9    presented on the face of the plaintiff's complaint, then the action cannot be removed to federal

10   court.[1]  *Franchise Tax Bd of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463

11   U.S. 1, 10-11 (1983).  In this case, the face of the operative complaint contains a cause of action

12   for trespass.  The first cause of action is styled "Trespass" and contains allegations that

13   Defendant entered the private property of Plaintiff without consent.  Complaint, at pp 2-3, ¶ 8.

14   Plaintiff seeks general and punitive damages as a direct and proximate result of the trespass as

15   well as injunctive relief.  Complaint, at ¶¶ 16-18 and Prayer for Relief.

16        Plaintiff might have been able to seek damages under section 303 of the LMRA and

17   thereby raise a federal question.  *See San Antonio Cmty. Hosp. v. S. Cal. Dist. Council of

18   Carpenters*, 125 F.3d 1230, 1234-35 (9th Cir. 1997).  However, Plaintiff did not seek such relief,

19   choosing instead to file a state action for trespass.  Accordingly, jurisdiction may not be sustained

20   on a theory that the Plaintiff has not advanced.  *Easton v. Crossland Mortgage Corp.*, 114 F.3d

21   979, 982 (9th Cir. 1997).  Even if section 303 provides Defendant a defense to Plaintiff's

22   allegations, an action may not be removed to federal court based solely on a federal defense.

23   *Caterpillar,* 482 U.S. at 393.

24

25        [1]Plaintiff acknowledges that the well-pleaded complaint rule is subject to a recognized exception based on
     the "complete preemption" doctrine.  This doctrine provides that a wholly state-law claim may present a federal
26   question where Congress has intended for a federal statute to provide the exclusive cause of action, procedures and
     remedies for the claim asserted.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 n.5 (2003).
27        Disputes arising under section 303 are not subject to complete preemption.  The Supreme Court and the
     Ninth Circuit have expressly limited complete preemption under the LMRA to disputes arising from collective
28   bargaining agreements under section 301(a).  *See Caterpillar*, 482 U.S. at 393-94; *Wayne v. DHL Worldwide
     Express*, 294 F.3d 1179, 1183-84 (9th Cir. 2002).  Here, there is no collective bargaining agreement at issue.

1    Insofar as Defendant contends that the present action seeks damages for the same conduct

2    as the charge filed by Plaintiff with the National Labor Relations Board ("NLRB") regarding

3    secondary boycott, the Court finds this contention without merit.  Defendant does not argue that

4    the NLRB action precludes Plaintiff from seeking judicial relief or that seeking judicial relief is

5    preempted.  Instead, Defendant argues that the complaint seeks damages for the same conduct as

6    that asserted in the NLRB action and should be construed as a federal claim.  It does not appear

7    that the controversy presented to the NLRB is the same as the controversy presented to the state

8    court.  The charge before the NLRB relates to whether or not Defendant engaged in conduct

9    violative of the National Labor Relations Act, such as secondary picketing, restraining or

10   coercing employees, and picketing.[2]  Exhibit A to Opposition to Motion to Remand.  In contrast,

11   the allegations presented to the state court relate to whether a trespass occurred under state law.

12   The NLRB decision cited by Defendant does not determine the issue of trespass.  Further, the

13   allegations in the Complaint do not seek a determination of whether the conduct violated the

14   NLRA except to contend that Defendant did not provide requisite notice of its intent to

15   picket/leaflet.  Complaint at ¶ 9.  This reference seemingly relates to whether Defendant's

16   conduct was protected by the NLRA, a potential defense to Plaintiff's claims.  As indicated, a

17   federal defense does not provide a basis for removal.  *Caterpillar, Inc*., 482 U.S. at 393.  A state

18   court also is not precluded from determining whether certain allegations of trespassory activity

19   are protected by the NLRA.  *See*, *e.g.*, *Sears Roebuck & Co. v. San Diego County District*

20   *Council of Carpenters*, 436 U.S. 180 (1978).

21       Further, any contention that the NLRA preempts Plaintiff's claims is defensive and does

22   not confer original jurisdiction on federal courts.  NLRA preemption does not provide a basis for

23   removal of state court actions.  *Ethridge*, 861 F.2d at 1397-1400 .

24       II.    Declaratory Relief

25       Defendant contends that because Plaintiff seeks a declaratory judgment under the U.S.

26   Constitution the matter is removable to federal court.  Plaintiff contends that neither the U.S.

27   Constitution nor federal labor law form a necessary element of its state law action and federal

28

[2]Plaintiff does not seek relief under the NLRA.

1   law may be an issue only by way of a defense asserted by Defendant.  As discussed above, a

2   federal court does not have original jurisdiction where the complaint presents a state law cause of

3   action.  A federal court also does not have original jurisdiction where the complaint asserts that a

4   federal defense the defendant may raise is insufficient to defeat the state law claim. *Tennessee v.*

5   *Union & Planters' Bank,* 152 U.S. 454 (1894).  While such allegations may "show that very

6   likely, in the course of the litigation, a question under the Constitution would arise, they do not

7   show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution."

8   *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).  "For better or worse, under

9   the present statutory scheme as it has existed since 1887, a defendant may not remove a case to

10  federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law."

11  *Franchise Tax Bd. of State of Cal., supra.,* 463 U.S. at 10-11 (emphasis in original).  It has been

12  determined that any right or immunity created by the Constitution or laws of the United States

13  must be an essential element of the plaintiff's cause of action. *Id.* (quoting *Gully v. First*

14  *National Bank,* 299 U.S. 109, 112 (1936)).

15          Here, the law that creates the cause of action is state trespass law.  Plaintiff is not seeking

16  any relief based on any right or immunity created by the Constitution or laws of the United

17  States.  Federal law is relevant only as an anticipated defense to the trespass action and, as

18  discussed, removal jurisdiction may not be based on an anticipated defense.

19          III.    Costs and Attorney Fees

20          Title 28 of the United States Code, section 1447(c), provides: "An order remanding the

21  case may require payment of just costs and any actual expenses, including attorney fees, incurred

22  as a result of the removal."  Generally, such fees and costs are not awarded when the removing

23  party has an "objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.,* 546

24  U.S. 132, 141 (2005).  In this case, the timing of Defendant's removal of the state court action to

25  federal court is suspect.  However, given the complexity of the case law involving the LMRA

26  and the NLRA, the Court does not find that Defendant's attempted removal was "objectively

27  baseless."  Therefore, the Court recommends that the request for costs and fees be denied.

28

1

## RECOMMENDATIONS

2     Based on the foregoing, the Court recommends as follows:

3     (1) Plaintiff's Motion to Remand be GRANTED; and

4     (2)  Plaintiff's request for an award of costs and attorney fees be DENIED.

5 These findings and recommendations are submitted to the district judge assigned to this action,

6 pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15)

7 court days of service of this recommendation, any party may file written objections to these

8 findings and recommendations with the Court and serve a copy on all parties.  Such a document

9 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

10 district judge will review the magistrate judge's findings and recommendations pursuant to 28

11 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

12 time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153

13 (9th Cir.  1991).

14     IT IS SO ORDERED.

15 **Dated:   October 30, 2008** 　　　　　　　**/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28